# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| TONY TOOMBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:14-cv-480-TWP-DKL |
| | ) |
| DR. MITCHEFF and DR. PERSON | ) |
| | ) |
| Defendants. | ) |
| | ) |

## E N T R Y

This matter is before the court on the Plaintiff's Motion to Appoint Counsel. The motion has been considered. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The Court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993). The plaintiff asserts that he has been unsuccessful in recruiting representation on his own. Although the Court concludes, based on the above filing, that the plaintiff has made a reasonable effort to secure representation, he should continue his own effort.

The Court proceeds to the second inquiry required in these circumstances. The Court's task in this second inquiry is to analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other

court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655.

The Court will not make an outright request that counsel represent the plaintiff at this time. Based on the plaintiff's comprehensible filings, his use of the court's processes, his familiarity with the factual circumstances surrounding his legal claims, the plaintiff is competent to litigate on his own.

The Court will, however, be alert to the possibility of recruiting representation for the plaintiff at trial or at other points in the case where the plaintiff's incarceration and pro se status would make it particularly difficult for him to proceed without representation and to the possibility at those points where the assistance of counsel would be a benefit of both the plaintiff and the court in the presentation of the case.

Based on the foregoing, therefore, the plaintiff's motion for appointment of counsel [dkt 17] is **denied**.

**IT IS SO ORDERED.**

Date: 06/27/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Tony Toombs
DOC #913171
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All electronically registered counsel