UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TONY TOOMBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-480-TWP-DKL |
| ) | |
| DR. DR. PERSON, ) | |
| ) | |
| Defendant. ) | |

**ENTRY DISCUSSING MOTION IN LIMINE TO EXCLUDE
POSTOVERATIVE STATEMENTS AND MENTAL HEALTH EVIDENCE**

This matter is before the Court on Plaintiff Terry Toombs's Motion *in Limine* to Exclude Postoperative Statements and Mental Health Evidence. ([Filing No. 76](#)). This action is set for trial on Toombs's claim that Defendant Dr. Person was deliberately indifferent by failing to treat his abdominal pain and failing to order gall bladder removal surgery for approximately a year after an ultrasound indicated that he had a gall stone. Toombs seeks a ruling *in limine* excluding testimony regarding his mental health conditions and his post-operative statements regarding his abdominal pain. For the reasons stated below, Toombs's motion *in limine* is **granted in part and denied in part without prejudice**. At trial, when the record is more fully developed, Toombs may seek to renew his objections to this evidence.

**I. LEGAL STANDARD**

The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be

resolved in proper context." *Id.* at 1400. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

## II. DISCUSSION

Toombs argues that evidence related to his mental health issues and his ongoing complaints of pain is not relevant to whether Dr. Person was deliberately indifferent to his abdominal pain and the admission of such evidence would unnecessarily confuse the jury.

A. *Somatization Disorder*

Toombs first argues that evidence regarding his mental health, specifically his diagnosis with somatization disorder,[1] must be excluded because it is irrelevant and its substantial prejudicial effect outweighs its probative value. He asserts that a somatization disorder does not make it more or less likely that Dr. Person was deliberately indifferent to his medical needs by delaying the removal of his gall bladder. Toombs goes on to argue that evidence of this mental health issue to show that he exaggerated the severity of his symptoms would be improper. In response, Dr. Person contends that evidence of Toombs's somatization disorder is directly related to his continuing complaints of abdominal pain, regardless of the medical treatment he received.

Evidence is relevant if it has "any tendency to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the

---

[1] Somatization disorder is a psychosomatic illness, that is, physical distress of psychological origin. *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.07; *Stedman's Medical Dictionary* 528 (27th ed.2000); *Cass v. Shalala,* 8 F.3d 552, 554 (7th Cir.1993); *Latham v. Shalala,* 36 F.3d 482, 484 (5th Cir. 1994); *Vaughn v. Nissan Motor Corp. in U.S.A., Inc.,* 77 F.3d 736, 737 (4th Cir. 1996); *Easter v. Bowen,* 867 F.2d 1128, 1129-30 (8th Cir. 1989)).

evidence." Fed.R.Evid. 401. To prevail on his Eighth Amendment deliberate indifference medical claim, Toombs must demonstrate: (1) he suffered from an objectively serious medical condition; and (2) Dr. Person knew about the condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). Deliberate indifference is a subjective standard. *Johnson v. Snyder,* 444 F.3d 579, 585 (7th Cir. 2006). To demonstrate deliberate indifference, a plaintiff must show that the defendant "acted with a sufficiently culpable state of mind," something akin to recklessness. *Id.*

Here, the issue for trial is whether Dr. Person was deliberately indifferent to Toombs's complaints of abdominal pain. Because a deliberate indifference claim focuses on the subjective state of mind of the defendant, evidence of Toombs's somatization disorder is relevant to the issue of whether Dr. Person was deliberately indifferent, but only if Dr. Person knew about the somatization disorder and made treatment decisions reasonably based on this knowledge. The Court must wait to see if such evidence is introduced at trial before deciding the relevance of this evidence. Further, there is no evidence to show whether Dr. Person's knowledge of this condition, if any, affected his treatment decisions. The Court therefore cannot determine at this time the relevance of Toombs's somatization disorder to the issue of whether Dr. Person was deliberately indifferent to his pain.

In addition to its potential relevance to Dr. Person's state of mind, evidence of Toombs's somatization disorder may be relevant to the question of whether Dr. Person's actions – if they are found to be deliberately indifferent – caused the prolonged pain about which Toombs complained. Again, a determination on this complicated issue cannot be made until the trial record develops. As discussed in the ruling on the motion for summary judgment, there is little evidence at this

stage that Dr. Person undertook any measures to treat Toombs's pain. On this record, the Court cannot determine whether because of Toombs's somatization diagnosis, Dr. Person's alleged delay in treatment caused Toombs to experience continued pain.

Toombs argues that even if evidence of his somatization disorder is relevant, the evidence should still be excluded because its prejudicial effect far outweighs any probative value. Probative value "is measured by the extent to which it makes the existence of a fact in issue more or less likely." *United States v. Medina*, 755 F.2d 1269, 1274 (7th Cir. 1985) (citations omitted). "Unfair prejudice means an undue tendency to suggest decision on an improper basis . . . ." *United States v. Loughry*, 660 F.3d 965, 969 (7th Cir. 2011). The trial court is given wide discretion to balance the unfair prejudice against the probative value. *Medina*, 755 F.2d at 1274.

Toombs argues that evidence of his somatization disorder could be used improperly to attack his credibility. Dr. Person responds that he seeks to submit such evidence as it relates to Toombs's continuing complaints of abdominal pain. In other words, Dr. Person argues that this evidence is relevant to whether his treatment (or non-treatment) decisions caused Toombs's pain. But Dr. Person goes on to argue that he "may use evidence of [Toombs's] pain complaints to argue that his injuries are less severe than he claims . . ."

Evidence of Toombs's somatization disorder may have some probative value. As the Court has explained, this evidence may make relevant facts – such as whether Dr. Person's actions or lack of action caused Toombs to experience prolonged pain – more or less likely. Such evidence may be introduced to that extent if it can be shown that Dr. Person was aware of this disorder. However, it is not – contrary to Dr. Person's argument – relevant to Toombs's credibility. The fact that Toombs suffers from somatization disorder has no probative value regarding a determination of Toombs's credibility. The pain he feels is no less real to him if the source is psychiatric rather

than physical. "Pain is always subjective in the sense of being experienced in the brain. The question whether the experience is more acute because of a psychiatric condition is different from the question whether the [patient] is pretending to experience pain, or more pain than []he actually feels. The pain is genuine in the first, the psychiatric case, though fabricated in the second." *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004); *see also Foelker v. Outagamie County*, 394 F.3d 501, 513-14 (7th Cir. 2005) (holding a jury could find that nurses who had observed the plaintiff's condition and the fact that he had defecated in his cell could be found to have known that he was going through drug withdrawal and to have done nothing about it, despite the claim of one defendant that he believed the plaintiff was "playing the system.").

For these reasons, Toombs's motion to exclude evidence regarding his somatization disorder is **granted in part and denied in part without prejudice.** Such evidence may be introduced as relevant to the reasonableness of Dr. Person's treatment decisions but only to the extent that evidence of Dr. Person's subjective knowledge of Toombs's condition is offered and admitted. Its admission will not permitted, however, to argue that Toombs's complaints of pain are not credible. The Court may consider a limiting instruction to the jury regarding the purposes of this evidence and Toombs may renew his objection based on the development on the record at trial.

B. *Post-Operative Statements of Pain*

Toombs also seeks exclusion of his post-operation complaints of continuing abdominal pain. Specifically, he argues the fact that he continued to complain of pain after the surgery is irrelevant to whether Dr. Person was deliberately indifferent to his preoperative pain. According to Toombs, the fact that he still suffers from abdominal pain does not change the fact that the surgery was the required treatment and that Dr. Person was deliberately indifferent by delaying the

5

procedure for a year. Toombs also argues that the probative value of any evidence regarding his post-operative complaints of pain is substantially outweighed by the prejudice this evidence would cause. Dr. Person argues that this evidence is extremely relevant to his defense that surgery was not indicated.

As previously discussed, the deliberate indifference determination centers on whether Dr. Person was aware of Toombs's serious medical need and ignored that medical need. *See Johnson,* 444 F.3d at 585. This requires an examination of the totality of Toombs's medical care. *Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999). If the surgery were medically indicated at the time the ultrasound indicated he had a gall stone, as Toombs argues, then it might reasonably be concluded that Dr. Person was deliberately indifferent to the need for surgery by delaying it for a year. Evidence that Toombs continued to complain of abdominal pain may be relevant to the determination of whether surgery was indicated. But it is relevant only to show that the surgery did not completely cure Toombs's pain. It does not show that the gall stone did not contribute to his pain or that Dr. Person did not unreasonably delay in ordering the surgery and other treatments for Toombs's pain. The delay in ordering surgery may still have caused Toombs to experience unnecessary and prolonged pain. *See Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012) (holding that the plaintiff stated an Eighth Amendment claim because "even though this [four-day] delay [in treatment] did not exacerbate [the plaintiff's] injury, he experienced prolonged, unnecessary pain as a result of a readily treatable condition"); *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) ("A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain.").

In other words, regardless of whether the surgery was successful in alleviating his pain,

Toombs may still be able to show that Dr. Person was deliberately indifferent by otherwise failing to treat his pain and by delaying a measure that might have been successful in treating the pain. For example, this delay may have delayed attempts at other measures to treat the pain. Again, the record on these issues at this stage is not sufficiently developed to make such a determination. Accordingly, depending on the development of the record at trial, the evidence that Toombs continued to complain of pain may be admissible to show that the gall bladder surgery did not resolve his pain.

Toombs goes on to argue that the potential prejudicial effect of this evidence outweighs any probative value because it tends to paint Toombs as a serial complainer. This evidence, like the evidence regarding Toombs's somatization disorder, cannot be used to attack Toombs's credibility. The fact that he felt the pain is not made more or less likely by the fact that he continued to feel it after the surgery. But if the admission of this evidence is limited only to show the efficacy of the gall bladder surgery, its probative value is sufficient to support its admissibility. For these reasons, Toombs's motion to exclude evidence regarding his continuing complaints of pain is **denied in part.** Such evidence may be used to show whether the surgery resolved Toombs's pain. Again, the Court may entertain a limiting instruction to ensure that such evidence is not used for improper purposes and Toombs may renew his objection to this evidence at trial.

### III. CONCLUSION

Toombs's motion in limine regarding his somatization disorder and post-operative complaints of pain ([Filing No. 76](Filing No. 76)) is **granted in part and denied in part without prejudice**.

Evidence regarding Toombs's somatization disorder may be admitted on the issue of Dr. Person's deliberate indifference to his pain if it is established that Dr. Person was aware of this disorder and acted based on it. Further, such evidence is admissible if it there is some link between

the somatization disorder and the harm caused by any deliberate indifference on the part of Dr. Person. Such evidence may not be used to show or argue that Toombs's complaints of pain are not credible.

Evidence regarding Toombs's continued complaints of pain may be admissible to show that the gall bladder surgery did not fully resolve Toombs's pain. It may not be used to show that no treatment at all for Toombs's pain was warranted or to raise an implication that Toombs is not credible or is a serial complainer.

At trial, when the record is more fully developed, Toombs may renew his objections to this evidence. Further, the Court will entertain jury instructions regarding the proper uses of this evidence.

**SO ORDERED.**

Date: 7/20/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel